UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

YVONNE BAILEY-LYNCH,                                    02-CV-0615E(Sc)

                    Plaintiff,

                                                        MEMORANDUM
        -vs-
                                                        and

PROTECTION ONE ALARM MONITORING, INC.,
                                                        ORDER[1]
                    Defendant.

_____

        Plaintiff, proceeding *pro se*, commenced this action on August 28, 2002 against

defendant Protection One Alarm Monitoring, Inc., alleging violations of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), and the Age

Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*  Plaintiff claims that

defendant's decision to rescind its contingent offer of her employment was

discriminatory.  Defendant moved to dismiss plaintiff's age discrimination claim on

December 12, 2002, which the undersigned granted on June 13, 2003 because plaintiff

had failed to exhaust her administrative remedies and because her age discrimination

claim was not "reasonably related" to any of the allegations of race discrimination in her

Equal Employment Opportunity Commission charge.  Before the Court today are

defendant's January 10, 2005 and plaintiff's January 12, 2005 motions for summary

_____

[1]This decision may be cited in whole or in any part.

judgment.  For the reasons set forth below, plaintiff's Motion will be denied, defendant's Motion will be granted and plaintiff's claims will be dismissed.

The facts pertinent to defendant's motion and viewed in the light most favorable to plaintiff — the non-moving party —, are found as follows and are undisputed except where otherwise noted.  Defendant is a provider of residential and commercial alarm services.  Defendant sells its services through inside salespersons called Residential Security Consultants ("RSCs").  RSCs solicit, arrange appointments with and meet with new and existing customers in an effort to secure sale of defendant's alarm services. RSCs must meet with new and existing customers at their homes and businesses and, as such, the position requires extensive driving.  This is stated in the RSC job description and in defendant's Fleet Safety Manual — to wit, to fulfill the requirement of an RSC position, the applicant must have a valid driver's license and a good driving record.

In August 2001 plaintiff, an African American female, applied for an RSC position.  Plaintiff was interviewed and, via an August 15, 2001 letter ("August 15 letter"), received a contingent offer for an RSC position with defendant.  Defendant's August 15 letter explained the conditions of the job offer and explained that the offer was conditional upon notification that she had fulfilled the conditions of the offer. Defendant subsequently rescinded that offer in an August 20, 2001 letter that explained that the contingent offer was rescinded because plaintiff did not have a valid driver's license that such was required for the RSC position.

Plaintiff admits that she does not have a driver's license, but claims that she interviewed for and was offered a home sales position. Defendant, in response, claims that it does not have a home sales position. Furthermore, the August 15 letter clearly states that defendant was extending plaintiff "an offer of employment for the position of Residential Security Consultant", which "is contingent upon the satisfaction of several items *** identified on the enclosed 'Conditions of Offer' form." (Aff. of Theodore McHugh, Jr., Ex. 4.) The Conditions of Offer form — which plaintiff signed on August 14, 2001 — stated, *inter alia*, that plaintiff had to have an "acceptable driving history" as indicated on page three of the "Protection One Fleet Safety Manual"[2] and that she accepts defendant's "offer of employment *** in the position of Residential Security Consultant and agree[s] to the conditions cited [in the Conditions of Offer form] and in the [August 15] offer letter." *Ibid.* Plaintiff claims that she was applying for a different position that did not require a driver's license and that she did not apply for and was not qualified for a position requiring her to drive.

Summary judgment may be granted if the evidence offered shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FRCvP 56(c). There is no genuine issue for trial unless the

---

[2]The Protection One Fleet Safety Manual, under "Employment Qualifications", states that: "In order to be eligible for employment with Protection One in the position that requires driving as a primary job function, a candidate must meet the following conditions:

1.      An applicant must have a valid, unrestricted driver's license for the state in which he/she resides. ***." (Aff. of Theodore McHugh, Jr., Ex. 4.)

evidence offered favoring the non-moving party would be sufficient to sustain a jury's verdict for that party. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, when reasonable minds could not differ as to the outcome of an issue, summary judgment is appropriate on that issue. *Id.* at 251-252.  The moving party initially bears the burden of showing that no genuine issue of material fact is present but the opposing party must then "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250.  If the non-moving party fails to establish, after a reasonable opportunity for discovery, the existence of an element essential to that party's claim and on which it will bear the burden of proof at trial, summary judgment is appropriate because such failure to establish an essential element of the case renders all other facts immaterial. *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-323 (1986).

When assessing the record in making a summary judgment determination, a court must view all ambiguities and factual inferences in the light most favorable to the non-moving party. *Adickes* v. *S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  However, the non-moving party "cannot defeat the motion by relying on the allegations in [that party's] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible."  FRCvP 56(e); *Gottlieb* v. *County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

Of course, the summary judgment standard applies with equal force to discrimination cases as it does in other cases. *See Ashton* v. *Pall Corp.*, 32 F. Supp. 2d

82, 87 (E.D.N.Y. 1999) ("[T]he salutary purposes of summary judgment — avoiding protracted, expensive and harassing trials — apply no less to discrimination cases than to commercial or other areas of litigation.") (quoting *Meiri* v. *Dacon*, 759 F.2d 989, 998 (2d Cir. 1985)).   However, courts must be aware of the fact that evidence of discrimination is rarely overt.  *See Bickerstaff* v. *Vassar Coll.*, 196 F.3d 435, 448 (2d Cir. 1999) ("[E]mployers are rarely so cooperative as to include a notation in the personnel file that the [adverse employment action] is for a reason expressly forbidden by law.") (quoting *Ramseur* v. *Chase Manhattan Bank*, 865 F.2d 460, 464-465 (2d Cir. 1989)). In addition, courts must "also carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture."  *Ibid.*   Thus, the issue for the court is "whether the evidence can reasonably and logically give rise to an inference of discrimination under all of the circumstances." *Ibid.*

Plaintiff's Motion is deficient in a number of procedural and substantive ways — to wit, (1) plaintiff did not submit a separate, short, concise statement of material facts as required by Rule 56.1(a) of the Local Rules of Civil Procedure ("LRCvP"), (2) plaintiff failed to comply with FRCvP 56(e) and LRCvP 56.1(d) by not attaching any documents in support of her Affirmation, (3) plaintiff's Motion was untimely as all motions had to be filed by January 10, 2005 pursuant to this Court's April 2, 2004 Scheduling Order and plaintiff's Motion was filed on January 12, 2005 and (4) plaintiff did not make any

substantive arguments that, even if uncontested, would entitle her to summary judgment. Plaintiff claims that she is entitled to summary judgment because (1) defendant was the perpetrator of discriminatory action and (2) she has produced all requested documents while defendant allegedly has not. Plaintiff requests an award of $123,000, but does not allege a loss of income or anything else — *viz.*, plaintiff does not allege any facts, does not explain the "discriminatory action" and does not provide any evidence or argument to warrant an award of summary judgment. As such, there is no basis for this Court to grant her Motion and, although plaintiff is proceeding *pro se*, she has been informed both by the undersigned[3] and the Western District of New York[4] of the requirements of filing a summary judgment motion. Therefore, plaintiff's Motion will be denied.

The Court will now address defendant's Motion. Plaintiff asserts that she had not applied for a position requiring her to have a valid driver's license, but has not put forth

---

[3]Plaintiff had commenced another discrimination action, *Bailey-Lynch* v. *Potter*, 03-CV-0145E(F), in which the undersigned, in an order dated December 15, 2004, dismissed without prejudice plaintiff's Motion for Summary Judgment and explained to plaintiff that she needed to include a statement of material facts and substantive legal arguments when moving for summary judgment. Plaintiff's Motion in this case is similarly deficient as was her Motion for Summary Judgment in *Potter*.

[4]The Western District of New York provides *pro se* litigants with "Instructions for Preparing a Motion for a Civil Action", which states, *inter alia*, that:

"[T]he affirmation must include a short statement affirming that the statement is true.

\* \* \* \* \*

"[W]hen submitting a Motion for Summary Judgment, you should include both a Memorandum of Law and a separate short and concise statement of facts material to your case which you believe are not disputed by your opponent. (See Local Rules of Civil Procedure 56.) If you are opposing a motion for summary judgment, you must also submit a Memorandum of Law and a Statement of Undisputed Facts."

any evidence indicating such.  Defendant asserts that plaintiff's contingent offer was rescinded upon discovery that plaintiff did not have a valid driver's license — a clearly stated and known requirement of the RSC position.  In bringing a case under Title VII, the plaintiff bears the initial burden of making out a *prima facie* case of discrimination. *St. Mary's Honor Ctr.* v. *Hicks*, 509 U.S. 502, 506 (1993)*; Texas Dep't of Cmty. Affairs* v. *Burdine*, 450 U.S. 248, 252-253 (1981).  To make out a *prima facie* case of discrimination in a failure to hire context, plaintiff must allege (1) that she is a member of a protected class, (2) that she applied for and was qualified for a position that defendant, her employer, was seeking to fill, (3) that, despite her qualifications, she was rejected and (4) that the circumstances surrounding the employment decision give rise to an inference of unlawful discrimination.  *Schachner* v. *Beth Israel Med. Ctr., N. Div.*, 14 F. Supp. 2d 468, 470 (S.D.N.Y. 1998).  Plaintiff cannot meet her burden in establishing the second prong of her *prima facie* case and her claims thus will be dismissed.

It is not in dispute that plaintiff was not qualified for the position that defendant claims she was seeking — *viz.*, an RSC position.  Plaintiff claims that she applied for an at home sales position rather than the RSC position.  Besides this conclusory statement, plaintiff has not provided any evidence suggesting that defendant has an at home sales position or that plaintiff had applied for an at home sales position instead of an RSC position.  Defendant, however, has provided the Court with (1) its August 15 letter

stating that the contingent offer was for an RSC position and (2) plaintiff's signature on the "Conditions of Offer" form accepting the offer for the RSC position and agreeing to the conditions of the offer, one of which is having a valid driver's license.  Defendant, moreover, asserts — and plaintiff does not provide any evidence suggesting otherwise — that it does not have an at home sales position and that all of its sales positions require driving.  *See, e.g., Breland-Starling* v. *Disney Publ'g Worldwide*, 166 F Supp. 2d 826, 830 (S.D.N.Y. 2001) (holding that plaintiff cannot, as a matter of law, establish her *prima facie* case where the position for which she claims that she had applied "never existed and was never occupied by anyone").  Plaintiff's conclusory statement that she had not applied for the position for which she had signed a form indicating otherwise and for which defendant claims that she had applied is not sufficient to survive summary judgment.  *See, e.g., Murphy* v. *Bd. of Educ. of the Rochester Sch. Dist.*, 273 F. Supp. 2d 292, 299-300 (W.D.N.Y. 2003) (stating that the plaintiff cannot survive summary judgment with only "conclusory allegations of discrimination," but must offer "'concrete particulars' to substantiate his claim") (citations omitted); *Girma* v. *Skidmore Coll.*, 180 F. Supp. 2d 326, 334 (N.D.N.Y. 2001) ("The non-moving party may not rely on conclusory allegations or unsubstantiated speculation.") (citation and quotations omitted); *Batista* v. *Union of Needleworkers, Indus. & Textile Employees AFL-CIO*, 2000 U.S. Dist. LEXIS 17294, at *10 (S.D.N.Y. Nov. 30, 2000) (dismissing the plaintiff's disparate pay and disparate employment conditions claims because she "submit[ted] no

evidence disputing" the defendant's assertions).  Plaintiff's lack of a valid driver's license disqualifies her from an RSC position and therefore negates her ability to meet her *prima case* burden.  *See Gadsden* v. *Jones Lang Lasalle Ams., Inc.*, 210 F. Supp. 2d 430, 442 (S.D.N.Y. 2002) (granting summary judgment to the employer in a discrimination claim where the plaintiff admitted that he was not qualified for the position sought).  As such, defendant's motion will be granted and plaintiff's claims will be dismissed.

Accordingly, it is hereby **ORDERED** that defendant's Motion for Summary Judgment is granted, that plaintiff's Motion for Summary Judgment is denied, that all of plaintiff's claims are dismissed, that the parties shall bear their own costs and that the Clerk of this Court shall close this action.

DATED:      Buffalo, N.Y.

            June 3, 2005

                              /s/ John T. Elfvin
                         JOHN T. ELFVIN
                         S.U.S.D.J.